**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOHN MARK WILSON | § | |
| VS. | § | CIVIL ACTION NO.   9:21-CV-15 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John Mark Wilson, a prisoner confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court.  The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge. The Magistrate Judge recommends denying the petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings.  The petitioner filed a supplemental brief, which the Court liberally construes as objections to the Magistrate Judge's Report and Recommendation.

**NOT FOR PRINTED PUBLICATION**

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of the pleadings and the relevant case law, the Court concludes that the petitioner's objections lack merit.

Prisoners are entitled to certain due process rights if a disciplinary action results in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). In Texas, the only sanction that imposes upon a liberty interest is the loss of good time credits for an inmate whose release on mandatory supervision will be delayed by the loss of the credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Due to the nature of his conviction, the petitioner is not eligible for release on mandatory supervision. The petitioner contends that the disciplinary conviction might affect his release on parole, but there is no constitutional expectancy of parole in Texas. *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997).

The petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S.

**NOT FOR PRINTED PUBLICATION**

at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## ORDER

The petitioner's objections (docket entry #4) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge (docket entry #3) is **ACCEPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

So ORDERED and SIGNED, Mar 28, 2021.

_____
Ron Clark
Senior Judge